UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN GARRETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H- 18-723 |
| | § | |
| ENBRIDGE ENERGY COMPANY, INC. and | § | |
| TRIAD RESOURCES, INC., | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendant Triad Resources, Inc. ("Triad"). Dkt. 14. Plaintiff Carmen Garrett responded. Dkt. 17. Having considered the motion, related filings, and applicable law, the court is of the opinion Triad's motion to dismiss should be DENIED.

### I. BACKGROUND

This is an employment discrimination and retaliation case. Dkt. 7 at 7. Garrett contends that former joint employers, defendants Enbridge Energy Company, Inc. ("Spectra")[1] and Triad, violated 1) Title VII of the Civil Rights Act of 1964 ("Title VII"); and 2) the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.001 *et seq*. Dkt. 7 at 2–5. In particular, Garrett asserts that Spectra and Triad discriminated against her because of her national origin (Puerto Rican), race (Hispanic), and sex (female), and terminated her employment in retaliation for her complaints about the discrimination. Dkt. 7 at 7.

---

[1] On or about February 27, 2017, Spectra Energy Corp. merged into Enbridge Energy Company, Inc. Dkt. 7 at 1, 2. The alleged events in Garrett's complaint occurred prior to this merger. The court will refer to Enbridge Energy Company, Inc. as Spectra.

On or about December 19, 2014, Triad hired Garrett and placed her to work at Spectra.[2] Dkt. 7 at 13. According to Garrett, the discrimination began early in January 2015 when Spectra Manager, Christopher Collins, instructed Garrett to discuss with Mallik (Arjun) Ghattamneni her need for a desk phone and access to the SAP/SRM shared mail box. Dkt. 7 at 17. Neither item was provided to Garrett, even though similarly situated male, non-Hispanic, co-workers were provided both of these items. *Id.* Soon, Garrett noticed Ghattamneni would allot projects to her male, Indian, co-workers to her detriment and favored them by providing tools they needed to do their jobs. Dkt. 7 at 18. In early February, Garrett made several efforts to acquire a license and gain access to a useful tool for her job, which her male, Indian, co-workers had been given, but neither Collins nor Ghattamneni helped Garrett acquire the license. Dkt. 7 at 19.

Sometime in February 2015, Garrett met with Collins to discuss the problems she was having with Ghattamneni, but Collins seemed skeptical. Dkt. 7 at 20. Following this complaint, Ghattamneni left Garrett out of meetings, gave her nothing to work on, and denied her access to transactions and applications necessary to do her job. Dkt. 7 at 23. On or about March 3, 2015, Garrett contacted Leila Sinfuego, Triad's Senior Client Development Executive, to explain her feelings that Ghattamneni was discriminating and that Collins failed to do anything about the situation. Dkt. 7 at 22.

On or about March 25, 2015, Garrett stayed home from work and made a conference call to Sinfuego and Triad Human Resources ("HR") representative Felicia Bass, explaining in detail that Ghattamneni discriminated against her based on her national origin, race, and sex. Dkt. 7 at 28.

---

[2] For the purposes of a motion to dismiss, the court accepts all facts alleged in Garrett's First Amended Complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Later the same day, Garrett received a call back from Sinfuego at Triad, who instructed her not to report to work the following day and invited her to participate in a meeting with Spectra's HR Department on or about March 26, 2015.  Dkt. 7 at 30.

Garrett attended this meeting with Spectra HR Manager Libby Shortner, Collins, and Sinfuego, where she told the group that Ghattamneni discriminated against her on the basis of her national origin, race, and sex.  Dkt. 7 at 31.  After the meeting, Collins walked Garrett to the lobby and told her to stay home without pay until an investigation was completed.  Dkt. 7 at 32.  Consequently, Garrett contacted the Spectra Ethics Line to report her assertions of discrimination, harassment, and retaliation.  Dkt. 7 at 33.

On or about April 13, 2015, Garrett attended another meeting with Sinfuego, Shortner, and Spectra Corporate Security Manager "Colleen," where Garrett was asked to sign a written statement about her discrimination complaints.  Dkt. 7 at 34, 35.  Garrett refused to sign the statement because some of the statements were not true.  Dkt. 7 at 35. Garrett was prohibited from making changes to the document.  Dkt. 7 at 36.  However, Garrett was permitted to recount verbally every instance of discrimination and retaliation which had occurred, clarifying her complaints.  Dkt. 7 at 37.  On or about April 24, 2015, Sinfuego informed Garrett that Spectra found nothing to support Garrett's claims of discrimination.  Dkt. 7 at 41.  Triad and Spectra terminated Garrett's employment on this same day.  Dkt. 7 at 42.

On or about August 13, 2015, Garrett filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Spectra and Triad for national origin, race, and sex discrimination and retaliation.  Dkt. 7 at 8, 10.  She was issued a Notice of Right to Sue Spectra and Triad.  Dkt. 7 at 9, 11.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127, S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### B. Title VII

Title VII makes it unlawful for an employer to discharge an employee because of his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *See Urbano v. Cont'l Airlines Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir.1993)). When a plaintiff offers only circumstantial evidence, the

*McDonnell Douglas* framework requires the plaintiff to establish a *prima facie* case of discrimination, which, if established, raises a presumption of discrimination. *See Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 179–80 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973)). To establish a *prima facie* case, the plaintiff must show that "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated." *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (quoting *Rutherford*, 197 F.3d at 184); *Jatoi v. Hurst-Eules-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987).

**C. TCHRA**

The TCHRA is a comprehensive statute prohibiting employers from discriminating against employees on the basis of "race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code Ann. § 21.051. According to the Texas legislature, one general purpose of the TCHRA is to "provide for the execution of the policies of Title VII of the [federal] Civil Rights Act of 1964 and its subsequent amendments." *Id.* § 21.001(1); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). As a result, Texas courts use analogous federal statutes and applicable case law under Title VII to guide their reading of the TCHRA. *See Quantum Chem. Corp.*, 47 S.W.3d at 476.

### III. ANALYSIS

Triad argues that the court should dismiss Garrett's complaint under Rule 12(b)(6) because the complaint does not allege facts that support discrimination or retaliation under either Title VII or the TCHRA. Dkt. 14 at 1. Accordingly, Triad argues that it cannot be held liable as a matter of law. Dkt. 14 at 5, 8, 10. The court will address each statute separately.

**A. Discrimination**

Triad argues that Garrett must prove a *prima facie* discrimination case by showing "1) she is a member of a racial minority; 2) her employer had intent to discriminate on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in the statute." Dkt. 14 at 6 (citing *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)). In *Green*, the court held that the appellant failed to present a valid claim under 42 U.S.C. § 1981 because the action was based on appellee's refusal to honor a contract between appellant and a third party rather than between appellant and appellee. *Green*, 27 F.3d at 1086. Applying the decision in *Green*, Triad argues Garrett's complaint does not meet two elements of a valid discrimination claim because her complaint centers around Ghattamneni, who is a non-supervising employee and a member of a racial minority himself.[3] Dkt. 14 at 7. Additionally, Triad discusses facts that are not contained in Garrett's complaint. *Id.* The court may not consider any facts not alleged in Garrett's First Amended Complaint.

In its motion, Triad focuses on the *Green* court's standard under § 1981. Dkt. 14 at 6. However, Garrett does not appear to assert a claim under § 1981. Her complaint alleges Triad violated employment practices under Title VII and the TCHRA, not § 1981. Dkt. 7 at 45, 51, 57. Moreover, Garrett does not respond to any arguments Triad asserts under § 1981. Dkt. 7 at 7; Dkt. 17. Because this court does not read Garrett's claim as asserting an action under § 1981, Triad's motion to dismiss Garrett's discrimination claim under § 1981 is DENIED.

In response to Triad's motion, Garrett asserts that her complaint establishes a *prima facie*

---

[3]Although Garrett's First Amended Complaint fails to state directly that Ghattamneni was her manager at Spectra, the complaint contains enough facts showing Ghattamneni performed a managerial role by assigning Garrett's work, allotting projects, and providing access to information and applications important to do her job. Dkt. 7 at 16, 17, 18, 21, 23.

case of discrimination under the *McDonnell Douglas* standard. Dkt. 17 at 15. Garrett, relying on *Swierkiewicz v. Sorema*, argues that an employment discrimination complaint requires "only a short and plain statement showing the pleader is entitled to relief." Dkt 14 at 15 (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510–11, 122 S. Ct. 992 (2002)). In *Sorema*, the Court reasoned a *prima facie* case of employment discrimination is "an evidentiary standard, not a pleading requirement" because "'particularity' [] would 'too narrowly constric[t] the role of the pleadings.'" *Sorema*, 534 U.S. at 510 (quoting *McDonald v. Santa Fe Transp. Co.*, 427, U.S. 273, 283 n.11, 96 S. Ct. 2574 (1976)). Garrett asserts the four elements of an employment discrimination action under Title VII by stating 1) she is a member of a protected class—Puerto Rican descent, Hispanic, and female; 2) she was qualified for her position—hired as an SAP/SRM Business Analyst; 3) she suffered an adverse employment action—termination occurred; and 4) others similarly situated were more favorably treated—co-workers hired for the same position of a different national origin, race, and sex were assigned projects and tools not offered to Garrett. Dkt. 7 at 12–14, 18.

Here, the court is considering a motion to dismiss, so it merely must determine whether Garrett's complaint under Title VII is plausible. *Twombly*, 550 U.S. at 556. The court finds Garrett's claim of discrimination on the basis of her national origin, race, and sex is plausible. Accordingly, Triad's motion to dismiss Garrett's complaint brought under Title VII is DENIED.

**B. Retaliation**

Triad argues that Garrett's complaint of retaliation must establish "1) [that] she engaged in activities protected by § 1981; 2) that an adverse employment action followed; and 3) that there was a causal connection between the two." Dkt. 14 at 8 (citing *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339 (5th Cir. 2003)). In *Foley*, the court held that appellees failed to state a valid claim under 42 U.S.C. § 1981 because the action was based on appellant's loss of the title "Chair,"

but she was not terminated and maintained the same level of pay and benefits. *Foley*, 355 F.3d at 341. Applying the decision in *Foley*, Triad argues Garrett's complaint does not meet two elements of a valid retaliation claim because her complaint fails to establish "she engaged in protected activity under Title VII" and cannot "identify a single causal connection between her activities and the termination of her assignment." Dkt. 14 at 8, 9.

Additionally, Triad argues Garrett's claim does not establish that she engaged in activity protected under Title VII because the facts presented cannot "show that she held an objectively reasonable belief that the complained of conduct violated Title VII." *Id.* (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007)). In *Turner*, the court held that appellant failed to state a valid claim under 42 U.S.C. § 2000-3(a) because the action was based on appellee's conduct that could not reasonably be considered discriminatory under Title VII. *Turner*, 476 F.3d at 348. Applying the decision in *Turner*, Triad argues Garrett's complaint fails to establish a causal connection between her activities and the termination or show her reasonable belief that she was engaged in protected activity under Title VII. Dkt. 14 at 8, 9.

Like with discrimination, Garrett does not appear to assert a retaliation claim under § 1981 because her complaint alleges Triad violated employment practices under Title VII and the TCHRA, not § 1981. Dkt. 7 at 61. Moreover, Garrett does not respond to any arguments Triad asserts under § 1981. Dkt. 7 at 7; Dkt. 17. Because this court does not read Garrett's claim as asserting a retaliation claim under § 1981, Triad's motion to dismiss Garrett's retaliation claim under § 1981 is DENIED.

In response to Triad's argument that Garrett fails to state a retaliation claim under Title VII, Garrett argues that her complaint presents sufficient facts and that discovery will reveal her termination resulted from retaliation. Dkt. 17 at 17. In order to establish a *prima facie* case of

retaliation under Title VII, Garrett must show that 1) she engaged in a protected activity; 2) an adverse employment action occurred; and 3) a causal link existed between the protected activity and the adverse action. *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). Garrett's complaint asserts 1) that she participated in multiple meetings with Triad managers and HR personnel to discuss differential treatment by Ghattamneni; 2) that termination occurred; and 3) that she was instructed to go home without pay after her meeting with Triad management to discuss the discrimination. Dkt. 7 at 22, 27, 28, 31, 32, 34, 36, 42.

Here, the court is considering a motion to dismiss, so it merely must determine whether Garrett's complaint of retaliation under Title VII is plausible. *Twombly*, 550 U.S. at 556. The court finds Garrett's claim that retaliation on the basis of her discrimination complaint is plausible. Accordingly, Triad's motion to dismiss Garrett's complaint brought under Title VII is DENIED.

**C. TCHRA**

Triad argues that Garrett's complaint under the TCHRA must establish intentional unlawful employment practices. Dkt. 14 at 11. Triad contends Garrett's complaint under the TCHRA fails to state a claim because the facts do not "demonstrate the elements of the listed qualifications for discrimination in violation of Texas Labor Code 21.051."[4] Dkt. 14 at 11. Additionally, Triad discusses facts that are not contained in Garrett's complaint. *Id.* The court may not consider any facts not alleged in Garrett's First Amended Complaint.

Garrett's complaint asserts a claim under the TCHRA. Dkt. 7 at 48, 54, 59, 63. The anti-

---

[4] "An employer commits an unlawful practice if because of race,. . . sex,. . . [or] national origin. . . the employer 1) fails or refuses to hire[], discharges[], or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or 2) limits, segregates, or classifies an employee [] in a manner that would [] adversely affect [] the status of an employee." Tex. Lab. Code Ann. § 21.051.

discrimination and anti-retaliation provisions under the TCHRA are the same as Title VII. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012); *Quantum Chem. Sys.*, 47 S.W.3d at 476. Correspondingly, "Section 21.051 is effectively identical to Title VII." *Reed*, 701 F.3d at 439 (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012)). The court applies the aforementioned analysis under Title VII to the TCHRA claim.

This court is considering a motion to dismiss, so it merely must determine whether Garrett's complaint of discrimination and retaliation under the TCHRA is plausible. *Twombly*, 550 U.S. at 556. The court finds Garrett's claim that discrimination on the basis of national origin, race, and sex, and retaliation based on complaints of discrimination is plausible. Accordingly, Triad's motion to dismiss Garrett's complaint brought under Texas Labor Code §§ 21.001 *et seq.*, 21.051 *et seq.*, and 21.055 is DENIED.

### IV. CONCLUSION

Defendant's Motion to dismiss Garrett's First Amended Complaint (Dkt 14) is DENIED.

Signed at Houston, Texas on October 11, 2018.

_____
Gray H. Miller
United States District Judge

10